AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name *(under which you were convicted)*: Terry Dewayne Taylor | | Docket or Case No.: 15-80077CR-Hurley |
| Place of Confinement: | | Prisoner No.: 75279-004 |
| UNITED STATES OF AMERICA  v. | | Movant *(include name under which convicted)* Terry Dewayne Taylor |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   United States District Court, Southern District of Florida, West Palm Beach Division

   (b) Criminal docket or case number (if you know): 15-80077CR-Hurley

2. (a) Date of the judgment of conviction (if you know): March 21, 2016
   (b) Date of sentencing: _____

3. Length of sentence: 204 months imprisonment and 10 years supervised release, Ct 1

4. Nature of crime (all counts): 21 U.S.C.S. 846, Conspiracy to possess with intent to distribute one kilogram or more of heroin

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☑   (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one) N/A   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☑   No ☐

8. Did you appeal from the judgment of conviction?   Yes ☐   No ☑

9. If you did appeal, answer the following:
   (a) Name of court: N/A
   (b) Docket or case number (if you know):
   (c) Result:
   (d) Date of result (if you know):
   (e) Citation to the case (if you know):
   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑
      If "Yes," answer the following:
      (1) Docket or case number (if you know): N/A
      (2) Result:
      (3) Date of result (if you know):
      (4) Citation to the case (if you know):
      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ☑

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know):
        (3) Date of filing (if you know):

(4) Nature of the proceeding:   N/A

(5) Grounds raised:

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐    No ☒

(7) Result:   N/A

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket of case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐    No ☒

(7) Result:   N/A

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

  (1) First petition:   Yes ☐    No ☒

  (2) Second petition:   Yes ☐    No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** 21 U.S.C.S. 846 does not criminalize conduct, it only addresses the penalty which attaches

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Congress is the body granted power to create, define, and punish crimes, U.S. v Worrall, 2 U.S. 384, 394 (1798). No judge has the authority to remedy political imperfections, nor supply any Legislative omission. Id at 395. In writing 21 USCS 846, Congress merely defined a possible penalty. 18 USCS 371 criminalizes conspiracy. Controlled substance offenses under 21 USCS 841 does not criminalize Conspiracy conduct as part of the statute. If Congress meant to include conspiracy as part of a criminal statute, it knows how to, as example see 18 USCS 32(a)(8); 18 USCS 37(a); 18 USCS 115(a)(1)(A); 18 USCS 175(a); 18 USCS 2271; 8 USCS 1327; 21 USCS 841(b)(6), etc. This Court, nor any other, may not rewrite the statute or ignore the words chosen by the Congress so as to expand the statute's terms. When a legislative body knows how to say something but chooses not to, its silence is controlling, Meyers v TooJay's Mgmt Corp, 640 F.3d 1278, 1285 (11th Cir. 2011). 21 USCS 371 speaks of penalties for other statutes, not its own, via plain language.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): 

Date of the court's decision: 

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☒

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐    No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐    No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND TWO:** "Controlled Substance Offense" in the career offender provision of the Sentencing Guidelines does not include inchoate offenses

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Circuit courts previously held that the sentencing commentary held authority under Stinson v U.S, 508 US 36 (1993), but now conclude that the guideline definition of "controlled substance offense" does not include inchoate offenses because they are not expressly included in the guideline text, U.S. v Dupree, 57 F.4th 1269 (11th Cir. 2023); U.S. v Campbell, 22 F.4th 438 (4th Cir 2022); U.S. v Nasir, 17 F.4th 459 (3rd Cir 2021). It has been found that the Commission exceeded its authority under Stinson when it attempted to add inchoate offenses into s. 4B1.2(b)'s definition, as it lacks authority to add qualifying offenses to the guidelines, U.S. v Havis, 927 F.3d 382, 385-87 (6th Cir 2019). More recently, Kisor v Wilkie, 139 S. Ct. 2400 (2022) has applied that the guideline commentary should not be afforded deference unless the guideline text is genuinely ambiguous, Dupree, 57 F.4th at 1275. In applying Kisor, the courts have concluded that the plain language of "controlled substance offense" in s. 4B1.2 unambiguously excludes inchoate offenses.

(b) **Direct Appeal of Ground Two:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition: N/A
Name and location of the court where the motion or petition was filed:
N/A
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:
N/A
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND THREE:** <u>Application of the career offender label is clearly erroneous and causes a continuing harm</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>Based on the foregoing claims, the application of the career offender label is clearly erroneous, and affects not only the proceedings' fairness, but also causes an increase in the sanctions Petitioner is sentenced under. As a career offender, Petitioner suffers an impact on his custody calculations within the Bureau of prisons, which subsequently classifies him to a more secure facility, designated mostly for actually violent offenders, and which do not offer programs to assist in rehabilitation. A failure to acknowledge the correct guidelines range is "clearly erroneous and results in a manifest injustice", and as a result, the Petitioner's claim for relief is not barred by law of the case doctrine, U.S. v Quintana, 300 F.3d 1227, 1232 (11th Cir. 2002). Even if Petitioner's sentence falls between or within both the incorrect Guidelines range and the correct one, he can still rely on the application of an incorrect Guidelines range to show an effect on his substantial rights, Molina-Martinez v U.S., 136 S.Ct. 1338, 1348 (2016). This Court is the authority able to correct that error, which would result in a sentence more congruous with Petitioner's conviction.</u>

(b) **Direct Appeal of Ground Three:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☒
  (2) If you did not raise this issue in your direct appeal, explain why:

  N/A

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☒
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: N/A
  Name and location of the court where the motion or petition was filed:

  N/A

  Docket or case number (if you know): 
  Date of the court's decision: 
  Result (attach a copy of the court's opinion or order, if available):

  N/A

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐   No ☒
  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐   No ☒
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☐

(2) If you answer to Question (c)(1) is "Yes," state: N/A

AO 243 (Rev. 09/17)

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐  No ☐  N/A

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☐  N/A

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☐  N/A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☒

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

   N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At the preliminary hearing:
   Jack A. Fleischman, 2161 Palm Beach Lakes Blvd, #403, West Palm Beach, Fk 33409

   (b) At the arraignment and plea:
   Jack A. Fleischman, 2161 Palm Beach Lakes Blvd, #403, West Palm Beach, Fla 33409

   (c) At the trial:
   Jack A. Fleischman, 2161 Palm Beach Lakes Blvd, #403, West Palm Beach, Fla 33409

   (d) At sentencing:
   Jack A. Fleischman, 2161 Palm Beach Lakes Blvd, #403, West Palm Beach, Fla 33409

   (e) On appeal:
   Jack A. Fleischman, 2161 Palm Beach Lakes Blvd, #403, West Palm Beach, Fla 33409

   (f) In any post-conviction proceeding:
   N/A

   (g) On appeal from any ruling against you in a post-conviction proceeding:
   N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
   N/A

   (b) Give the date the other sentence was imposed: N/A

   (c) Give the length of the other sentence: N/A

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☒

AO 243 (Rev. 09/17)

18. **TIMELINESS OF MOTION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Petitioner's sentence as a career offender is an unconstitutional miscarriage of justice. A miscarriage of justice is an exception to the procedural default rule, Mckay v U.S., 657 F.3d 1190, 1196 (11th Cir. 2011). Under the exception, a movant is excused if he can show he is actually innocent of the crime, Gilbert v U.S., 609 F.3d 1159, 1196 (11th Cir 2010). For federal sentencing purposes, the act of being a career offender is essentially a separate offense, with separate elements, which must be proven, for which separate and additional punishment is provided, Gilbert, 609 F.3d at 1165. If review of such claims barred, there would otherwise be no remedy for such a fundamentally defective sentence, Sawyer v. Whitley, 505 U.S. 333, 341 (1992). Inchoate offenses and crimes, including conspiracy, were not within the guidelines at the time petitioner was adjudicated a career offender. Accordingly, he is innocent of the statutory "offense" of being a career offender, and was sentenced, in part, for a non-existent offense: being a career offender. That rationale includes non-capital cases, and rises to constitutional error. Id.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

<u>Reversal and remand for resentencing, with removal of career offender status</u>
or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.
(month, date, year)

Executed (signed) on <u>OCTOBER 26TH 2023</u> (date)

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

AO 243 (Rev. 09/17)

## Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

    **Clerk, United States District Court for**
    **Address**
    **City, State Zip Code**

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

