UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81442-ROSENBERG
(15-CR-80077-ROSENBERG)

TERRY DEWAYNE TAYLOR,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING MOTION TO VACATE

**THIS CAUSE** is before the Court on the Movant's Motion to Vacate under 28 U.S.C. § 2255 [DE 1]. The Court has considered the Motion [DE 1], the Government's Response [DE 5], the Movant's Reply [DE 6], and the court file. For the reasons discussed below, the Motion is denied.

The Movant pled guilty to conspiracy to distribute a controlled substance. 15-CR-80077 at DE 188, 189. The Court sentenced the Movant to 204 months' imprisonment. *Id.* at DE 297, 316. The Movant then filed a notice of appeal, but he subsequently moved to dismiss the appeal; the Eleventh Circuit therefore dismissed the appeal with prejudice. *Id.* at DE 318. As a result, the Movant's conviction became final on August 1, 2016, the date of the Eleventh Circuit's dismissal.

Section 2255 petitions must be filed within one year of the date upon which a judgment of conviction becomes final. 28 U.S.C. § 2255(f). Thus, the Petitioner had until August 1, 2017, to file a 2255 petition. This Petition was filed on October 30, 2023, and is thus untimely.

Although the Supreme Court has held that an untimely petition may be considered if actual innocence is proven, this Petition is not based upon an assertion of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Instead, the Petition is based upon a contention of legal insufficiency—that a component of the Petitioner's criminal sentence is legally incorrect.

Legal sufficiency is not actual innocence; actual innocence means factual innocence. *Bousley v. U.S.*, 523 U.S. 614, 623 (1998). The Petitioner has therefore provided no basis for this Court to consider his untimely Petition.

### Certificate of Appealability

A petitioner seeking to appeal a district court's final order denying a Section 2255 motion to vacate has no absolute entitlement to appeal but must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the movant makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a movant's constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record, a certificate of appealability shall not issue.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Movant's Motion [DE 1] is **DENIED**;[1]
2. Final judgment is entered in favor of Respondent;
3. No Certificate of Appealability shall issue;
4. Any pending motions are **DENIED** as moot; and
5. The Clerk of Court shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 31st day of January, 2024.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[1] The Petition also lacks substantive merit for the reasons set forth in the Response.

cc: Counsel of Record

Terry Dewayne Taylor
Inmate No. 0287757
Palm Beach County Jail
Inmate Mail/Parcels
P.O. Box 24716
West Palm Beach, Florida, 33416.